UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Vivian Dorothea Grover-Tsimi,<br><br>Plaintiff,<br><br>vs.<br><br>State of Minnesota *collectively*; City of Minnetonka; Michael Nelson individually and in his professional capacity as a Minnetonka Police Officer; Michael Bruckner individually and in his professional capacity as a Minnetonka Police Officer; County of Scott; John Grover individually and in his professional capacity as a Scott County Sheriff's Deputy; Sarah Gorman individually and in her professional capacity as a Scott County Sheriff's Deputy; John Hoffer individually and in his professional capacity as a Scott County Sheriff's Deputy/Officer; Scott Anderson individually and in his professional capacity as a Scott County Sheriff's Deputy; Louis Steinhoff individually and in his professional capacity as a Scott County Sheriff's Deputy/Officer; Kevin Studnicka individually and in his professional capacity as a Scott County Sheriff and superior to the Scott County Sheriff's Deputies<br><br>Defendants, | Civil Case No. 09 CV 2852 PJS/AJB<br><br>COMPLAINT<br><br>*Jury Trial Demanded |

I.

INTRODUCTION

Pursuant to 42 U.S.C. § 1983, Vivian Dorothea Grover-Tsimi, (Plaintiff), commences this action against Defendants for violation of her rights under the United States Constitution, to include but not limited to her Fifth Amendment right to due process of the law, Fourth Amendment right to be free from unreasonable seizure, Sixth Amendment right to confront one's accuser(s), and Eighth Amendment right to no cruel and unusual punishment. Plaintiff's Federal claims against Defendants are subsequently rooted in 42 U.S.C. § 1986, 18 U.S.C. § 1512, 18 U.S.C. § 1509, 18 U.S.C. § 242, 18 U.S.C. § 241 and are based on

SCANNED
OCT 14 2009
U.S. DISTRICT COURT MPLS

Plaintiff's unlawful arrests without probable cause, the use of excessive force against Plaintiff, obstructing the administration of justice, the intent to influence the verdict and/or hinder the due course of justice, and the Defendants knowledge of the wrongs conspired to be done having power to prevent or the capacity to aid in preventing the commission of the same and willfully neglecting or refusing to prevent, and Plaintiff being put twice in jeopardy of life or limb. Plaintiff also asserts state tort claims against Defendants for battery, false arrest, false imprisonment, malicious prosecution, and intentional/negligent infliction of emotional distress. Plaintiff also commences this action against the City of Minnetonka and County of Scott for maintaining a policy and practice of inadequately training, supervising and disciplining its police officers and deputies. Plaintiff demands that this action be tried to a jury. Thusly, Plaintiff alleges as follows:

### A.

### A CONSTANT STATE OF ANXIETY

A span of nearly six years has placed Plaintiff's life and liberty twice in jeopardy at the hands of the State of Minnesota. The Defendants of the Minnetonka Police Department Michael Nelson and Michael Bruckner entered the life of Plaintiff on October 18, 2003 based on an obscure 911 call placed by a third party claiming "a woman was being killed", an unsubstantiated domestic disturbance, at Plaintiff's residence located at 11341 Cedar Point Drive North, Minnetonka, Minnesota. What did the Defendants on this day really want? Who did they want? Apparently they wanted a deportable, non-citizen, an African; Plaintiff's spouse; a spouse who had domestically abused Plaintiff prior to 2003 that prompted a few 911 calls. But the circumstance got out of hand; with the presence of the Plaintiff's spouse in the home undetected, Plaintiff would be "man handled" in her home, victimized and taunted with derogatory comments, sexual harassment and ultimately physical assault; when Plaintiff refused to succumb to the harassing behavior, she became a criminal and home-based interrogation with her freedom restricted to the bedroom of the home was intimidating. Vulnerable, Plaintiff apparently did not utter the words the Defendants wanted to hear; thus, in the efforts to glaze the uninhibited misconduct of their actions; and the apparent "false alarm" Defendants Michael Nelson and Michael Bruckner of the Minnetonka Police Department falsely arrested Plaintiff and illegally detained her without lawful reason or probable cause

depriving Plaintiff of her civil rights; eventually appearing, her spouse stood in silence; a mess, yet a shock. Defendants had arrested an innocent Plaintiff with her life and liberty hanging in the balance of criminal charges. For what could the Defendants charge Plaintiff? Domestic Assault/Causing Fear, Domestic Assault/Causing Harm, Disorderly Conduct (under 609.72 Subd. 1(3)), and Obstruction of Justice. <u>Plaintiff was put to trial and acquitted by judge and jury</u>. The acquittal apparently "shook the house" of the Minnetonka Police Department. However, Plaintiff was left traumatized, emotionally wounded; medically diagnosed with acute anxiety, a panic disorder; posttraumatic stress disorder commonly known by acronym PTSD. Under psychological evaluation for several years to come, Plaintiff attempted the healing process in coping with the vulnerability of the aftermath; yet a constant state of anxiety, feeling unprotected, not safe. Plaintiff upon acquittal becomes the State's target, in a sense, because <u>the threat of this complaint could arise at any time</u>.

**B.**

<u>BULLSEYE</u>

A little over four years later, January 2, 2008, after nearly nine years of marriage, Plaintiff separates from spouse via an Emergency Ex Parte Order for Protection (Domestic Abuse); an order violated by Plaintiff's spouse on January 2, 2008 for which he was apparently arrested and charged. The now citizenship of Plaintiff's spouse gave "malice" courage and Plaintiff's spouse would rebuttal Plaintiff's OFP that stated Plaintiff had abused her spouse in 2003. After the provisions of the OFP were court ordered on January 14, 2008, the Hennepin County Sheriff's Office serves Plaintiff's petition for dissolution of marriage upon Plaintiff's spouse shortly thereafter. The Defendants of Scott County enter the life of Plaintiff on February 21, 2008 interfering with Plaintiff's motion for contempt against her spouse's attorney and Defendant Kevin Studnicka in violation of the provisions of Plaintiff's Order for Protection (Domestic Abuse) for which spousal maintenance was withheld against such court order. Ultimately, the actions of Defendant Kevin Studnicka, a Defendant having the power to prevent any negative occurrences, devised the events of February 21, 2008 and the trauma Plaintiff suffered thereafter. On February 21, 2008, Defendant John Grover <u>confronts Plaintiff upon arrival inside the Scott County courthouse</u>; confrontation weeks later alleged as "service of process" of a subsequent petition for dissolution of marriage by Plaintiff's spouse. Defendant

John Grover perpetrates a surprise physical attack upon Plaintiff seizing her arm destabilizing her in a stairwell; and delivers a consequent blow to Petitioner's upper back/lower neck aggravating Plaintiff's pre-existing bought with PTSD, fueling a panic attack; Plaintiff goes into a severe heart seizure; aggravation of a heart condition now known as Supraventricular Tachycardia and known by the acronym SVT. Prior to the premeditated involvement of additional Defendants of the Scott County Sheriff's Office; Defendant Sarah Gorman emerges on the scene striking Plaintiff's face with an obscure object producing injury to Plaintiff's face. Restraint, infliction of cruel and unusual punishment manifested to include refusal of appropriate medical attention throughout the affects of Plaintiff's heart seizure and call out for help; the refusal to administer prescribed medication while Plaintiff was restrained to soothe Plaintiff's anxiety upon the disclosure of Plaintiff's primary care clinic and two prescribing doctors. Ultimately, Plaintiff's cry for legal help results in detainment. Plaintiff's reaction to the affects of her illness under attack is erroneously labeled disorderly and the charge of Disorderly Conduct is introduced after several hours and upon Plaintiff's release. The Disorderly Conduct charge would ultimately go to trial and Plaintiff would be found guilty under 609.72 Subd. 1(3).

## II.

## PARTIES

Vivian Dorothea Grover-Tsimi is the Plaintiff in this case located at 210 1st Ave. N. W. #302, New Prague, MN 56071. Defendant Michael Nelson, at all times relevant hereto, was a Minnetonka Police Officer acting out within the course and scope of his employment. Defendant Nelson is sued individually and in his official capacity as a Minnetonka Police Officer. Defendant Michael Bruckner, at all times relevant hereto, was a Minnetonka Police Officer acting out within the course and scope of his employment. Defendant Bruckner is sued individually and in his official capacity as a Minnetonka Police Officer. Defendant City of Minnetonka is a municipal corporation organized under the laws of Minnesota. The City of Minnetonka is the employer of Defendants Nelson and Bruckner and is responsible for their supervision, training and discipline. Defendant John Grover, at all times relevant hereto, was a Scott County Sheriff's Deputy acting out within the course and scope of his employment. Defendant Grover is sued individually and in his official capacity as a Scott County Sheriff's Deputy. Defendant Sarah Gorman, at all times

relevant hereto, was a Scott County Sheriff's Deputy acting out within the course and scope of her employment. Defendant Gorman is sued individually and in her official capacity as a Scott County Sheriff's Deputy. Defendant John Hoffer, at all times relevant hereto, was a Scott County Sheriff's Deputy/Officer acting out within the course and scope of his employment. Defendant Hoffer is sued individually and in his official capacity as a Scott County Sheriff's Deputy/Officer. Defendant Scott Anderson, at all times relevant hereto, was a Scott County Sheriff's Deputy acting out within the course and scope of his employment. Defendant Anderson is sued individually and in his official capacity as a Scott County Sheriff's Deputy. Defendant Louis Steinhoff, at all times relevant hereto, was a Scott County Sheriff's Deputy/Officer acting out within the course and scope of his employment. Defendant Steinhoff is sued individually and in his official capacity as a Scott County Sheriff's Deputy/Officer. Defendant Kevin Studnicka, at all times relevant hereto, was a Scott County Sheriff acting out within the course and scope of his employment. Defendant Studnicka is sued individually and in his official capacity as a Scott County Sheriff. Defendant County of Scott is a municipal corporation organized under the laws of Minnesota. The County of Scott is the employer of Defendants Grover, Gorman, Hoffer, Anderson, Steinhoff, and Studnicka and is responsible for their supervision, training and discipline. Plaintiff demands that this action be tried to a jury.

A.

CHARACTER

Defendants of the Minnetonka Police Department had apparently shown violent propensities prior to October 18, 2003. Defendant John Grover was arrested for felony stalking of his ex-girlfriend and her acquaintances using the police database in which to do so August 2008. Defendant Sarah Gorman with no substantiated reasoning maliciously injures Plaintiff's face on February 21, 2008. Defendant Scott Anderson perpetrates verbal harassment on Plaintiff at the initial filing of her Emergency Ex Parte Order for Protection prompting the intervention of a supervisor on January 2, 2008, for a second time via voicemail giving Plaintiff a prelude of what would happen to her if she did not give-in, cooperate with the behavior of the Scott County Sheriff's Office relative to her spouse's subsequent petition for dissolution and further withholding Plaintiff's spousal maintenance ransom to force cooperation against the provisions of her active OFP; for a third time after Defendant Anderson's behavior was reported to his superior once again relative

to harassing phone calls on or about September 2008. Defendant John Hoffer had apparently shown violent propensities and physically attacked prior counsel to Plaintiff. Defendant Louis Steinhoff simply does nothing, watches all the events unfold; an accomplice. Defendant Kevin Studnicka boldly spoke out publicly about Defendant John Grover's arrest stating "we have to be held to higher standards"; yet was a willful participant in the events that lead up to the deprivation of Plaintiff's civil rights on February 21, 2008.

Among many accolades, Plaintiff has been recognized by the Food Network and featured on the network since 2005 for her innovative holiday recipes, and fun loving personality. Plaintiff has a public career to include film and music that spans over two decades; performing in film for the late Robert Altman and musically performing in an opening band for the late Dizzy Gillespie as young as seventeen years old, to name a few. Plaintiff is also an established author and poet. It serves no purpose for Plaintiff to intentionally lose dignity, and ruin her good name; respectable reputation with criminal activities. However, it is truly unfortunate that through the powers of the State of Minnesota, Plaintiff has been made-out to be a criminal in the wake of highly vulnerable illnesses, one of which mentally has been conceived through Plaintiff's direct acquaintance with Defendants of the Minnetonka Police Department.

### III.

### FACTUAL BACKGROUND

1. Plaintiff has no historical criminal convictions.
2. Plaintiff, in part, has been declared bankrupt in fighting the 2008 criminal case inflicted by Defendants of the Scott County Sheriff's Office.
3. Plaintiff was sexually harassed and assaulted in her home on October 18, 2003 and unlawfully detained by Defendants Michael Nelson and Michael Bruckner.
4. Plaintiff was put through a trial and <u>found not guilty</u> of all criminal charges imposed by the State of Minnesota in 2003.
5. Plaintiff was <u>found not guilty</u> of Disorderly Conduct 609.72 Subd.1 (3) imposed by the State of Minnesota in 2003.

6. Plaintiff has suffered an acute posttraumatic stress disorder onset by the trauma inflicted by Defendants of the Minnetonka Police Department in 2003 and subsequently the stress of a trial in 2004.

7. Defendant Kevin Studnicka withheld a portion of Plaintiff's spousal maintenance against the court order of her OFP aiding in the creation of the events of February 21, 2008.

8. Plaintiff's life and liberty is put twice in jeopardy by the State of Minnesota on February 21, 2008.

9. Plaintiff appears at the Scott County courthouse on February 21, 2008 to address her motion for contempt; an Order for Protection violation enacted by counsel to Plaintiff's spouse and Defendant Kevin Studnicka.

10. Plaintiff is accosted by Defendant John Grover upon arrival and physically struck by Defendant Grover in his official capacity as a Scott County Sheriff's Deputy centered on an alleged imposition of "service of process" inside the courthouse; Plaintiff suffers shock and panic from her pre-existing posttraumatic stress disorder that elevates into a severe spiral of a heart seizure.

11. Plaintiff, upon the physical actions of Defendant John Grover, repels in fear, in self-protection and calls out for help.

12. Plaintiff's reaction to her illness is erroneously labeled disorderly; reaction(s) and/or symptoms systematically misperceived by law enforcement.

13. Plaintiff was struck in the face by Defendant Sarah Gorman and sustained injury.

14. Plaintiff was ultimately subjected to unwarranted restraint in reaching the appropriate courtroom assigned to her contempt hearing on February 21, 2008 and apparently goes unconscious under the trauma of the restraint.

15. Plaintiff was denied appropriate medical attention at arbitrary arrest; injected into jail subjected to cruel and unusual punishment to involve a second exclusion of vital medical attention in light of another occurrence of extended unconsciousness; syncope.

16. Plaintiff's unattended, prolonged seizure medically produced an apparent superficial enlargement in the left atrial of Plaintiff's heart on February 21, 2008.

17. Plaintiff was denied right to a phone call to alert family of her whereabouts on February 21, 2008.

18. Plaintiff was charged with Disorderly Conduct upon release; Plaintiff pleads not guilty.

19. Plaintiff was put through a trial of alienation and found guilty of Disorderly Conduct 609.72 Subd.1 (3) imposed by the State of Minnesota in 2008.

20. Plaintiff has suffered constant aggravation of her pre-existing posttraumatic stress disorder and heart condition throughout the prolonged criminal proceeding of 2008-2009.

## IV.

## CLAIMS

### FEDERAL CLAIMS AGAINST INDIVIDUAL DEFENDANTS

**Count I**      **Unreasonable Seizure, Arrest Without Probable Cause:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Defendants lacked probable cause to detain and arrest Plaintiff when she was seized and arrested in 2003 and 2008 and thereby deprived her of her Fourth Amendment rights to the United States Constitution to be free from unreasonable seizure; and further in the unambiguous disclosure of a mental illness and active heart seizure in the presence of all Scott County Sheriff's Deputies of 2008. The arrest and detention of Plaintiff by Defendants was objectively unreasonable in 2003 and 2008 and the unlawfulness of such act was apparent in light of the clearly established law contrary to 42 U.S.C. § 1983 resulting in Plaintiff's injuries and incurred damages set forth.

**Count II**      **Excessive Force:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Defendants used unreasonable force in light of the existing circumstances; Plaintiff posed no threat to any of the Defendants of 2003 and 2008 and was improperly held onto and restrained, further in light of the state of health Plaintiff exhibited in need of appropriate medical attention in 2008; thereby depriving the Plaintiff of her Fourth Amendment rights to the United States Constitution to be free from unreasonable seizure. Plaintiff was subjected to wrist injury from the lack of a handcuff test that was not performed by the arresting Defendants of the Scott County Sheriff's Office provoking trauma and Plaintiff's first

episode of unconsciousness; syncope on February 21, 2008 contrary to 42 U.S.C. § 1983 resulting in Plaintiff's injuries and incurred damages set forth.

**Count III** **Obstruction of Justice, Obstruction of Court Orders:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Defendants of the Scott County Sheriff's Office obstructed the administration of an active court order for Plaintiff's Order for Protection(Domestic Abuse) by withholding spousal maintenance against the provisions of such order; said obstruction perpetrated, in part, by Defendant Kevin Studnicka having power to prevent any prospective misconduct but instead was a willful participant, causing Plaintiff to file a motion for contempt for which the hearing was obstructed by Defendants of the Scott County Sheriff's Office depriving her of her Fifth Amendment rights to due process to the United States Constitution contrary to 18 U.S.C. § 1509 and 42 U.S.C. § 1983 resulting in Plaintiff's injuries and incurred damages set forth.

**Count IV** **Deprivation of Rights Under Color of Law:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Defendant Michael Nelson and Defendant Michael Bruckner acted under color of the law of the State of Minnesota and pursuant to their authority as police officers of the City of Minnetonka willfully subjected Plaintiff to the deprivation of her rights as protected by the Constitution or laws of the United States, in part, capitalizing on Plaintiff's vulnerability verbally extending derogatory attention to Plaintiff's physical attributes as an African-American woman. Defendants of the Scott County Sheriff's Office acted under color of the law of the State of Minnesota and pursuant to their authority as Scott County Sheriff's Deputies targeting Plaintiff by race in their premeditated acts of punishments, pains, inflicted upon Plaintiff in her privileges, or immunities secured or protected by the Constitution or laws of the United States to not be obstructed in exercising due process to address her motion for contempt on February 21, 2008; a contempt motion that essentially was effectuated to protect her rights under an existing Order for Protection(Domestic Abuse); to not be subjected to the act of

"service of process" inside a courthouse merely because she came within reach of the authority of the court and required to participate in a judicial proceeding thus violating Plaintiff's right to immunity to such act or lack thereof resulting in mental and physical injury to Plaintiff; bodily injury to Plaintiff's face contrary to 18 U.S.C. § 242 and 42 U.S.C. § 1983.

**Count V** **Conspiracy Against Rights:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Defendant Kevin Studnicka conspired with Plaintiff's spouse's attorney to injure, oppress, threaten, and intimidate Plaintiff to avoid contemptible actions being placed into the record of the presiding court. Further, Defendant John Grover and Defendant Sarah Gorman injured Plaintiff in the free exercise or enjoyment of her right or privilege secured to her by the Constitution or laws of the United States on February 21, 2008 in the pursuit of due process contrary to her Fifth Amendment rights to the United States Constitution; ultimately Defendants of the Scott County Sheriff's Office further conspired against Plaintiff's rights with the fulfillment of unsubstantiated restraint and detention contrary to her Fourth Amendment rights to the United States Constitution to be free from unreasonable seizure contrary to 18 U.S.C. § 241 and 42 U.S.C. § 1983 resulting in Plaintiff's injuries and incurred damages set forth.

### FEDERAL CLAIM AGAINST THE CITY OF MINNETONKA

**Count VI** **Failure To Supervise Officers With Violent Propensities:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Apparently Defendants of the Minnetonka Police Department have shown violent propensities prior to October 18, 2003 of which Defendant City of Minnetonka knew or should have known. Defendant City of Minnetonka failed to properly supervise, train, and discipline Defendants of the Minnetonka Police Department in a manner amounting to negligent indifference to the constitutional rights of Plaintiff. The failure to adequately supervise and discipline Defendants of the Minnetonka Police Department with known violent propensities by Defendant City of Minnetonka explicitly authorized and encouraged Defendants of the Minnetonka Police Department to forcibly

seize, detain, and injure Plaintiff depriving her of her Fourth Amendment rights to the United States Constitution to be free from unreasonable seizure contrary to 42 U.S.C. § 1983. Defendant City of Minnetonka's failure to adequately supervise, train and discipline Defendants of the Minnetonka Police Department has resulted in Plaintiff's injuries and incurred damages set forth.

## FEDERAL CLAIMS AGAINST THE COUNTY OF SCOTT

**Count VII    Failure To Supervise Deputies With Violent Propensities/Foiled Demeanors:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Defendant County of Scott failed to properly supervise, train, and discipline Defendants of the Scott County Sheriff's Office in a manner amounting to negligent indifference to the constitutional rights of Plaintiff. The failure to adequately supervise and discipline Defendants of the Scott County Sheriff's Office with known violent propensities/foiled demeanors after complaint disclosure by Plaintiff and prior to public exposure; Defendant County of Scott explicitly authorized and encouraged Defendants of the Scott County Sheriff's Office to forcibly seize, detain, and injure Plaintiff depriving her of her Fourth Amendment rights to the United States Constitution to be free from unreasonable seizure contrary to 42 U.S.C. § 1983. Defendant County of Scott's failure to adequately supervise, train and discipline Defendants of the Scott County Sheriff's Office has resulted in Plaintiff's injuries and incurred damages set forth.

**Count VIII    Violation of Americans With Disabilities Act of 1990:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Defendant County of Scott's failed to adequately train Defendants of the Scott County Sheriff's Office; therefore, Defendants of the Scott County Sheriff's Office recklessly did not distinguish behaviors associated with Plaintiff's state of panic and active seizure that needed medical attention; even upon the explicit disclosure of such to Defendants of the Scott County Sheriff's Office by Plaintiff at the time of activity on February 21, 2008. Defendant County of Scott's failure to adequately train Defendants of the Scott County Sheriff's Office about the importance of not criminalizing Plaintiff's

behaviors where no real crime had been committed resulting from her disability violated Plaintiff's rights under the Americans With Disabilities Act of 1990 and her Fourth Amendment rights to the United States Constitution to be free of unreasonable seizure contrary to 42 U.S.C. § 1983 resulting in Plaintiff's injuries and incurred damages set forth.

### FEDERAL CLAIMS AGAINST THE STATE OF MINNESOTA

**Count IX** **Double Jeopardy:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Defendant State of Minnesota has put Plaintiff twice in jeopardy of life or limb under its sovereignty for substantially the same criminal offense of Disorderly Conduct 609.72 Subd. 1(3) in 2003 and in 2008 inflicting immediate, extending hours of jail time and Plaintiff was made to be a witness against herself in both criminal proceedings depriving Plaintiff of her Fifth Amendment rights to the United States Constitution to not be subject for the same offense to be twice put in jeopardy of life or limb; nor to be compelled in both criminal cases to be a witness against herself contrary to 42 U.S.C. § 1983 resulting in Plaintiff's injuries and incurred damages set forth.

**Count X** **Deprivation of Right to and Appointment of Counsel:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Contrary to F.R.Crim.P. 44, in 2008, Defendant State of Minnesota denied Plaintiff right to counsel at arbitrary arrest upon insistence, appointment of counsel and upon formal application prior to trial in light of Plaintiff's indigence. When appointed counsel through the state's Public Defender's Office upon trial, Plaintiff was subjected to ineffective assistance of counsel; and upon Plaintiff's request, contrary to F.R.Crim.P. 32, the probation officer who interviewed Plaintiff, as part of Defendant State of Minnesota's presentence investigation, did not give Plaintiff's counsel notice and a reasonable opportunity to attend the interview; further the state's Public Defender's Office denied Plaintiff assistance and right to counsel upon appeal of her conviction depriving Plaintiff of her Sixth

Amendment rights to the United States Constitution contrary to 42 U.S.C. § 1983 resulting in Plaintiff's injuries and incurred damages set forth.

**Count XI   Tampering With A Witness:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Contrary to 42 U.S.C. § 1983 and 18 U.S.C. § 1512, Defendant State of Minnesota in its prosecution of Plaintiff per the events of February 21, 2008 that lead to a trial; corruptly persuaded witnesses to influence testimony and evade legal process summoning a witness to appear within the criminal proceeding depriving Plaintiff of her Sixth Amendment rights to the United States Constitution to a fair trial and the right to be confronted with all witnesses against her resulting in Plaintiff's injuries and incurred damages set forth.

**Count XII   Cruel and Unusual Punishment:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Defendant State of Minnesota in its punishment of Plaintiff relative to the events of 2008 is cruel and unusual for a mentally ill Plaintiff plagued with an active heart seizure at the time of restraint and detention. Any such punishment; the act of putting an ill Plaintiff through sentencing alone, is inhuman, outrageous, and shocking to the social conscience, in the essence of the Eighth Amendment to the United States Constitution. Defendant State of Minnesota ruled Plaintiff guilty before any trial by literally sentencing Plaintiff to extended hours of jail time without a presumption of innocence in 2003 and 2008. Defendant State of Minnesota further punished Plaintiff in its custody in 2003 initially detaining Plaintiff in an area dominated by male prisoners for which Plaintiff experienced unwanted taunting and advances with sexual overtones; Plaintiff was forced to undress in an open area with cameras, forced to use a toilet facility in the middle of an open space surrounded by male prisoners and held for several hours within a holding cell without water; the cruel conditions ultimately caused Plaintiff to become feverish and produce frequent vomiting. Defendant State of Minnesota punished Plaintiff in its custody in 2008 denying Plaintiff adequate medical attention in light of her state of health and

active, prolonged, seizure causing an extended episode of unconsciousness; syncope. Plaintiff was not administered her prescribed medication clearly conducive to her mental illness and anxiety in light of the disclosure of her condition, health care clinic and two prescribing doctors; an act of inhumane proportion. Plaintiff was denied the intervention of legal counsel/public defender upon her insistence at arbitrary arrest; and Plaintiff was denied a phone call to alert family of her whereabouts. Ultimately Defendant State of Minnesota deprived Plaintiff of her Eighth Amendment rights to the United States Constitution to not suffer the infliction of cruel and unusual punishments contrary to 42 U.S.C. § 1983 resulting in Plaintiff's injuries and incurred damages set forth.

## STATE CLAIMS AGAINST INDIVIDUAL DEFENDANTS

**Count XIII   Battery:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. When Defendants restrained Plaintiff they intentionally and without permission had offensive contact with Plaintiff; such constituting battery. Defendants either actively participated in the unlawful restraining of Plaintiff or failed to take action to stop others from injuring her. As a result of the actions of Defendants, Plaintiff sustained injuries and incurred damages set forth.

**Count XIV   Assault:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. When Defendants intentionally restrained and arrested Plaintiff, Defendants created the reasonable apprehension of an immediate battery and thereby committed assault. As a result of the actions of Defendants, Plaintiff sustained injuries and incurred damages set forth.

**Count XV   False Arrest/False Imprisonment:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Defendants created the reasonable belief that Plaintiff would be the victim of police brutality if taken into custody; Defendants caused criminal proceedings against Plaintiff and either actively participated in or failed to take action to

stop Defendants from falsely arresting Plaintiff and subjecting her to false imprisonment. As a result of the actions of Defendants, Plaintiff sustained injuries and incurred damages set forth.

**Count XVI Malicious Prosecution:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Defendants caused criminal proceedings against Plaintiff and such said criminal proceedings were instituted without probable cause and with malice as, upon information and belief, said Defendants acted out of desire to cover up their illegal actions, or for other improper reasons, rather than because of a lawful motive. Plaintiff was subjected to criminal proceedings that were terminated in favor of Plaintiff in 2003 to include the charge of Disorderly Conduct 609.72 Subd. 1(3). Plaintiff was subjected to abuse by the government in a repeated prosecution for the same offense of Disorderly Conduct 609.72 Subd. 1(3) as a means of harassment and oppression; the malicious prosecution for a conviction and Plaintiff was essentially subjected to criminal proceedings that were terminated in a guilty verdict against Plaintiff in 2008. As a result of the actions of Defendants, Plaintiff suffered emotional distress and humiliation with probable collateral damage to her livelihood and probable damage to her reputation, and incurred the cost of defending herself against the criminal charges that, in part, lead Plaintiff into bankruptcy; thusly, the injuries Plaintiff sustained are conducive to incurred damages set forth.

**Count XVII Intentional/Negligent Infliction of Emotion Distress:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. The conduct of Defendants was extreme and outrageous. Defendants intentionally or recklessly engaged in such extreme and outrageous conduct in their positions of power that demonstrated a negligent pattern of conduct, not just an isolated incident; Defendants knew Plaintiff was vulnerable; Defendants used Plaintiff's race as a means to target Plaintiff's physical attributes and to target the premeditated public events of February 21, 2008. As a result of such conduct, Plaintiff has been

caused to suffer severe emotional distress, psychological damage; a posttraumatic stress disorder, PTSD; thusly, Plaintiff has sustained injuries and incurred damages set forth.

**Count XVIII  Negligent Supervision:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Prior to October 18, 2003, Defendants of the Minnetonka Police Department apparently demonstrated violent propensities of which Defendant City of Minnetonka knew or should have known. Defendant City of Minnetonka failed to properly supervise, train and discipline Defendants of the Minnetonka Police Department in a manner amounting to negligent indifference to the rights and safety of Plaintiff and other citizens. Failing to discipline officers with violent propensities, Defendant City of Minnetonka encouraged and implicitly authorized Defendants Michael Nelson and Michael Bruckner to forcibly and unlawfully seize, detain and injure Plaintiff; as a result of such failure to adequately supervise and discipline Defendants of the Minnetonka Police Department by Defendant City of Minnetonka, Plaintiff suffered injuries and incurred damages set forth.

## STATE CLAIMS AGAINST DEFENDANT CITY OF MINNETONKA
## AND DEFENDANT COUNTY OF SCOTT

**Count XIX   Vicarious Liability:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. Defendants the City of Minnetonka and County of Scott, as employers, are liable for the state law torts of its employees; Defendants Michael Nelson, Michael Bruckner, John Grover, Sarah Gorman, John Hoffer, Scott Anderson, Louis Steinhoff, and Kevin Studnicka who are described in this Complaint. As a result of these torts, perpetrated by employees of the City of Minnetonka and County of Scott acting within the course and scope of their duties took a complete detour in carrying out their duties; and the harassment carried out by Defendant Kevin Studnicka's reckless involvement in Plaintiff's legal affairs, as a supervisor himself, and a superior to Defendants John Grover, Sarah Gorman, John Hoffer, Scott Anderson,

and Louis Steinhoff helps to establish the vicarious liability; Plaintiff suffered injuries and incurred damages set forth.

### PUNITIVE DAMAGES

**Count XX   Punitive Damages Under Federal Law:** Plaintiff restates and realleges the above complaint in its entirety and incorporates the same herein by reference. All of the afore noted acts, errors and omissions of all Defendants were committed in bad faith and with reckless disregard for the rights and safety of Plaintiff so as to subject all Defendants, and each of them, to punitive damages pursuant to the statutes and common law of the United States of America.

### V.

### CIVIL ACTION

As a result of an accumulation of negligent acts that have jeopardized the life and liberty of Plaintiff forcing her to fight for her rights under the United States Constitution twice against the State of Minnesota collectively totaling a battle with eight individuals from the City of Minnetonka and County of Scott, Plaintiff has struggled for mere survival in a state of constant anxiety; Plaintiff has suffered great pain and suffering of the past, continues to suffer in the present, and will suffer in the future. Plaintiff has suffered, in part, financial hardship, bodily injury, negligent medical attention in the presence of Defendants of the Scott County Sheriff's Office in the activity of a state of panic and has in the past and will in the future suffer disability, emotional distress, loss of enjoyment of life; earning capacity <u>all to the damage caused in an amount greater than $4,000,000</u>.

It is highly probable that the State's presence at large has been felt by Plaintiff in several areas of her life in the efforts to detour or minimize the onset of this complaint. This high probability has left Plaintiff feeling violated, threatened, unprotected, and unsure about future aggravation. Thus, the monetary damages in excess shall compensate Plaintiff for future discovery of negligent acts directly related to all Defendants so named in this complaint.

17 of 19

## VI.

## RELIEF

In the award of relief, Plaintiff's public assistance benefits funded by the State of Minnesota will cease, to include health insurance, and due to illness, Plaintiff is unemployed; under applicable federal law, in the excess of overall relief, Plaintiff must consider the necessities of life to include but may not be limited to: health care for her heart condition, living/housing costs, food, personal maintenance, and transportation, in part, to and from medical appointments adjoined with the long-term rehabilitation the injuries of this complaint will sustain.

**WHEREFORE**, Vivian Dorothea Grover-Tsimi, Plaintiff, respectfully asks the court to award judgment as follows:

1. **Upon the basis of all counts, Plaintiff circumstances, and pursuant to 42 U.S.C. § 1983, herein, enter judgment in favor of Plaintiff against all Defendants;** State of Minnesota *collectively*; City of Minnetonka; Michael Nelson individually and in his professional capacity as a Minnetonka Police Officer; Michael Bruckner individually and in his professional capacity as a Minnetonka Police Officer; County of Scott; John Grover individually and in his professional capacity as a Scott County Sheriff's Deputy; Sarah Gorman individually and in her professional capacity as a Scott County Sheriff's Deputy; John Hoffer individually and in his professional capacity as a Scott County Sheriff's Deputy/Officer; Scott Anderson individually and in his professional capacity as a Scott County Sheriff's Deputy; Louis Steinhoff individually and in his professional capacity as a Scott County Sheriff's Deputy/Officer; Kevin Studnicka individually and in his professional capacity as a Scott County Sheriff and superior to the Scott County Sheriff's Deputies <u>in an amount greater than $4, 000, 000</u>.

2. Awarding Plaintiff any reasonable costs, expenses, and contingent attorney fees, if Plaintiff's <u>application to proceed without prepayment of fees and affidavit</u> are not awarded.

3. Granting such further relief as the Court deems appropriate and just.

Dated: _Oct. 13, 2009_          _____
                                Signature of Plaintiff
                                Vivian Dorothea Grover-Tsimi,
                                Plaintiff
                                210 1st Ave. N. W. #302
                                New Prague, MN 56071