UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Vivian Dorothea Grover-Tsimi, | Civil No. 09-CV-2852 PJS/AJB |
| Plaintiff, | |
| v. | |
| State of Minnesota collectively; City of Minnetonka, Michael Nelson individually and in his professional capacity as a Minnetonka Police Officer; Michael Bruckner individually and in his professional capacity as a Minnetonka Police Officer; County of Scott; John Grover individually and in his professional capacity as a Scott County Sheriff's Deputy; John Hoffer individually and in his professional capacity as a Scott County Sheriff's Deputy/Officer; Scott Anderson individually and in his professional capacity as a Scott County Sheriff's Deputy; Louis Steinhoff individually and in his professional capacity as a Scott County Sheriff's Deputy/Officer; Kevin Studnicka individually and in his professional capacity as a Scott County Sheriff and superior to the Scott County Sheriff's Deputies, | |
| Defendants. | |

---

### ANSWER TO COMPLAINT

---

COME NOW Defendants City of Minnetonka, Michael Nelson, and Michael Bruckner, for their joint and several Answer to Plaintiff's Complaint, state and allege as follows:

1.Unless hereafter admitted, qualified or otherwise answered, these Defendants deny each and every thing, matter and particular alleged in Plaintiff's Complaint.

2.Plaintiff's claims are an attempt to intimidate, distract and cause Defendants to incur unnecessary litigation expenses, making this action frivolous, vexatious and a sham.

3.These Defendants specifically deny Plaintiff has stated a cognizable claim for relief under 42 U.S.C. §1983 and further deny Plaintiff sustained any deprivation of rights or constitutional injuries as alleged in their Complaint.

4.These Defendants affirmatively allege Plaintiff's Complaint fails to state a cause of action or claims on which relief can be granted.

5.These Defendants specifically deny they have any policies, customs or practices that are violative of Plaintiff's constitutional rights.

6.These Defendants specifically deny Plaintiff sustained any injuries or damages and strict proof is specifically demanded.

7.These Defendants allege any injuries or damages sustained by Plaintiff were caused by, due to, and the result of the careless, negligent and unlawful conduct on the part of Plaintiff and Plaintiff's fault was greater than any fault of any other person and therefore Defendants are not liable.

8.These Defendants affirmatively allege Plaintiff's claims are barred by the statute of limitations.

9. These Defendants affirmatively allege service of process herein is inadequate, insufficient and improper.

10. These Defendants affirmatively allege at all times material hereto they were performing discretionary acts in good faith, within the scope of their duties.

11. These Defendants affirmatively allege all of their actions in this matter were privileged and authorized pursuant to the laws of the State of Minnesota.

12. These Defendants affirmatively allege Plaintiff's claims are barred by the doctrines of qualified, statutory and official immunity.

13. These Defendants affirmatively allege Plaintiff's claims are barred by the public duty doctrine.

14. These Defendants affirmatively allege any force used against Plaintiff was necessary and objectively reasonable under the circumstances confronting the officers at the time of the incident. Moreover, any alleged force used by these Defendants was reasonable, necessary and privileged pursuant to Minn. Stat. § 609.06.

15. These Defendants affirmatively allege Plaintiff's actions asserted against them are official capacity actions only.

16. These Defendants affirmatively allege the state tort allegations in Plaintiff's Complaint set forth a cause of action for the performance or failure to perform a discretionary function or duty, and this action is barred by Minn. Stat. §466.03, Subd. 6.

17. These Defendants admit generally they are responsible for the actions of employees pursuant to Minn. Stat. § 466.07 and further admit all claims are official

capacity claims only and Plaintiff has failed to set forth a proper *Monell* claim with the required specificity.

18. These Defendants affirmatively allege their actions regarding Plaintiff were not willful or malicious.

19. These Defendants support Plaintiff's demand for a jury trial as set forth in Plaintiff's Complaint.

**WHEREFORE**, these Defendants pray Plaintiff take nothing by her pretended claim for relief herein; that these Defendants be given judgment against Plaintiff, dismissing Plaintiff's cause of action with prejudice; that these Defendants be given judgment for costs, disbursements and attorney's fees pursuant to 42 U.S.C. §1988 and for such other relief as the Court may deem just and equitable.

IVERSON REUVERS

Dated:  January 12, 2010

By: s/Stephanie A. Angolkar
    Jon K. Iverson, #146389
    Stephanie A. Angolkar, #388336
    *Attorneys for Defendants City of Minnetonka, Officer Michael Nelson and Officer Michael Bruckner*
    9321 Ensign Avenue South
    Bloomington, MN  55438
    (952) 548-7200