UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Vivian Dorothea Grover-Tsimi, | Court File No.:  09-CV-2852 (PJS/AJB) |
| Plaintiff, | |
| vs. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF STATE OF MINNESOTA** |
| State of Minnesota, et al., | |
| Defendants. | |

## INTRODUCTION

This is a pro se action by Plaintiff Grover-Tsimi under 42 U.S.C. § 1983, alleging that her federal constitutional rights were violated.  Grover-Tsimi's complaint includes the State of Minnesota as a Defendant on her Section 1983 damages claim.  Grover-Tsimi alleges that the State placed her in double jeopardy, deprived her of the right to the appointment of counsel, tampered with witnesses, and subjected her to cruel and unusual punishment.  *See* Complaint (Docket # 1), Counts IX - XII.

Grover-Tsimi's claim against the State fails for lack of subject matter jurisdiction because it is barred by the Eleventh Amendment.  In addition, her complaint fails to state a claim against the State under Section 1983.

Accordingly, the Court should grant the State's motion to dismiss.

## STANDARD OF REVIEW

The existence of subject matter jurisdiction in federal court is a question of law. *Keene Corp. v. Cass,* 908 F.2d 293, 296 (8th Cir. 1990).  A federal court must dismiss a

claim if it lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss for failure to state a claim must be granted where the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). In addition, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832 (1989). Whether a complaint states a cause of action is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

## ARGUMENT

**I.  GROVER-TSIMI'S COMPLAINT AGAINST THE STATE IS JURISDICTIONALLY BARRED BY THE ELEVENTH AMENDMENT AND FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983.**

The Eleventh Amendment bars private parties from suing an unconsenting state in federal court unless Congress has unequivocally abrogated the state's constitutional sovereign immunity. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238-40, 105 S. Ct. 3142, 3145-46 (1985). This proscription applies regardless of the nature of the relief sought -- declaratory, injunctive, or money damages. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-02, 104 S. Ct. 900, 908-09 (1984). Thus, absent state consent or congressional abrogation, the Eleventh Amendment's jurisdictional bar prohibits Grover-Tsimi from suing the State of Minnesota in federal court on any basis for any type of relief.

The State of Minnesota has not waived its Eleventh Amendment immunity from suit in federal court for claims such as those brought here. *See DeGidio v. Perpich,* 612 F. Supp. 1383, 1388-89 (D. Minn. 1985) (recognizing that the State of Minnesota's limited waiver of sovereign immunity from tort actions in state court is not a waiver of Eleventh Amendment immunity from suit in federal court on federal constitutional claims). Nor did Congress abrogate the states' Eleventh Amendment immunity in enacting 42 U.S.C. § 1983. *Quern v. Jordan,* 440 U.S. 332, 338-45, 99 S. Ct. 1139, 1144-47 (1979). Accordingly, the Eleventh Amendment deprives the Court of subject matter jurisdiction over Grover-Tsimi's complaint against the State.

Moreover, the State is not a "person" subject to suit under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Thus, in addition to the Eleventh Amendment's jurisdictional bar, Grover-Tsimi's complaint fails to state a claim against the State.[1]

Grover-Tsimi's state-law tort claims are not asserted against the State. *See* Complaint, Counts XIII-XIX. If they were, these claims would also be barred by the Eleventh Amendment. The Eleventh Amendment bars a federal court from deciding

---

[1] If Grover-Tsimi intends Count XI of her complaint to also assert a damages claim against the State directly under 18 U.S.C. § 1512, the criminal obstruction-of-justice statute, it fails on the further ground that the statute does not create a private cause of action. *See e.g.*, *Peavey v. Holder*, No. 05-819(RWR), 2009 WL 3080464, at *9 (D.D.C Sept. 28, 2009); *Kazenercom Too v. Turan Petroleum, Inc.*, 590 F. Supp. 2d 153, 160 n. 9 (D.D.C. 2008); *Bender v. Gen. Servs. Admin.*, 539 F. Supp. 2d 702, 715 (S.D.N.Y. 2008); *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997).

state-law claims asserted against the State, even if such claims are pendent to federal claims.  *Pennhurst*, 465 U.S. at 121, 104 S. Ct. at 919 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").  The State of Minnesota has not waived its Eleventh Amendment immunity from suit in federal court for state-law tort claims.  *Hoeffner v. Univ. of Minn.*, 948 F. Supp. 1380, 1383, 1391-93 (D. Minn. 1996); *DeGidio v. Perpich*, 612 F. Supp. 1383, 1388-89 (D. Minn. 1985).

## CONCLUSION

Defendant State of Minnesota respectfully requests that the Court grant the motion to dismiss.

Dated:  January 15, 2010

Respectfully submitted,

LORI SWANSON
Attorney General
State of Minnesota

s/ **Anna E. Jenks**
Anna E. Jenks
Assistant Attorney General
Atty. Reg. No. 0342737

445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2128
Telephone:  (651) 757-1262
Fax:  (651) 282-5832
anna.jenks@state.mn.us

Attorneys for Defendant
State of Minnesota