From: Vivian Grover-Tsimi Fax: 000-000-0000    To: Chambers - The Honor: Fax: +1 (651) 848-1212    Page 2 of 10 2/26/2010 10:26

Case 0:09-cv-02852-PJS-AJB   Document 34   Filed 03/01/10   Page 1 of 9

PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION COPIED TO:
UNITED STATES DEPARTMENT OF JUSTICE

---

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vivian Dorothea Grover-Tsimi,

           Plaintiff,   )

vs.   )

State of Minnesota, et al.   )

           Defendant.   )

Civil Case No. 09-02852 (PJS/AJB)

OBJECTIONS TO
REPORT AND
RECOMMENDATION

To: Arthur J. Boylan, United States Magistrate Judge
METHOD OF DELIVERY FOR ALL PARTIES: Facsimile

PLEASE TAKE NOTICE <u>Plaintiff objects to the court's entire Report and Recommendation of which Plaintiff strongly believes is abusive, threatening, unsubstantiated and a bit bizarre.</u>

### Statement of the Case

Plaintiff restates and realleges the complaint in its entirety and incorporates the same herein by reference and any and all appropriate correspondence with Chambers, the Clerk of Court prior to the apparent pretrial conference of February 23, 2010.

### Areas of Disagreement

1. Threats from the Honorable Court are not going to change the "real-life" circumstances of Plaintiff; indigence and illness, circumstances Chambers and the Defendant were well aware of in writing prior to any pretrial conference.

2. <u>The Defendant is in default of which the court has been aware of since on or about January 19, 2010 per Plaintiff's affidavit and request for default and default judgment filed with the Clerk of Court.</u> In addition, in tandem with the U.S. Marshal's Office, District of Minnesota

SCANNED
MAR 0 1 2010
U.S. DISTRICT COURT ST. PAUL

From: Vivian Grover-Tsimi   Fax: 000-000-0000          To: Chambers - The Honor: Fax: +1 (651) 848-1212          Page 3 of 10 2/26/2010 10:26

Case 0:09-cv-02852-PJS-AJB   Document 84   Filed 03/04/10   Page 2 of 9

the Defendant has perpetrated a fraud upon Plaintiff and apparently the court relative to "service of process", a federal offense for which the Honorable Court is aware and has not acted. So now how can you, your Honor, find time to threaten dismissal in light of Plaintiff's involuntary circumstances but you cannot see to it that the law is upheld relative to the default and perpetrated fraud by the Defendant?

3. Arthur J. Boylan, United States Magistrate Judge, with all due respect, you must acquire the consent of both parties per the Magistrate Judge Consent Form inorder for you to make any recommendations, judgments or otherwise pertaining to this case; consent for which you apparently requested by February 23, 2010 and basically received; <u>consent the Plaintiff has not authorized by signature and therefore absent consent of both parties</u> yet you want to impose judgment upon this case and threaten dismissal, why? For where truly is the substantiality.

4. I absolutely <u>will not</u> be threatened with payment of unnecessary Defendant attorney fees for the Defendant's appearance at a pretrial conference that upon adequate disclosure of Plaintiff's involuntary circumstances was not warranted and the Defendant most appropriately would be required to look to the court for rescheduling; rescheduling Plaintiff was told that she did not have control over by the Clerk of Court's Office.

5. It is absolutely appalling for you, your Honor, to attempt to imply that Plaintiff's involuntary circumstances are some sort of "spur of the moment trip to the spa"; I am on a fixed public assistance income and I am medically disabled with illness; unfortunately, I do not have the luxury of telling my illness when to not flare-up or my fixed income to stretch itself.

6. If Plaintiff's intent was to vicariously ignore an apparent court order pre-meditated by the court then she would have not responded at all; obviously this is not the case; Plaintiff provided all requested reports and/or letters to Chambers "on time" as so ordered.

7. **Under existing law, when a Defendant is in default all proceedings are ceased and the case is appropriately set for adjudication in favor of the prevailing party, Plaintiff. Threatening to dismiss this case is not an appropriate action when the Defendant defaulted and perpetrated fraud upon Plaintiff and apparently the court prior to the commencement of the**

From: Vivian Grover-Tsimi  Fax: 000-000-0000         To: Chambers - The Honor  Fax: +1 (651) 848-1212         Page 4 of 10 2/26/2010 10:26

Case 0:09-cv-02852-PJS-AJB   Document 34   Filed 03/01/10   Page 3 of 9

proposed pretrial conference of which Chambers, the Clerk of Court, and the Defendant are unequivocally aware.

8. Potentially attempting to lure Plaintiff with unsubstantiated judicial fortitude into situations detouring from the "default" the "fraud" on the part of the Defendant is contrary to the law.

### Consideration for Relief Sought, *in part*,

Because it is believed that Arthur J. Boylan, United States Magistrate Judge has disregarded the law in addressing the default of the Defendant and fraud perpetrated upon Plaintiff and apparently the court and is threatening Plaintiff beyond reason to dismiss her case in light of her involuntary circumstances of which Chambers and all parties were made aware in writing with adequate time to evaluate rescheduling; rescheduling not the responsibility of the Plaintiff or the Defendant but the court as was communicated to Plaintiff; <u>it is the Plaintiff's recommendation that Arthur J. Boylan, United States Magistrate Judge be removed from this case and all other cases for which the Plaintiff is the complainant effective immediately; Plaintiff has not given consent and is not giving further consent for Arthur J. Boylan, United States Magistrate Judge to recommend, cast judgment or adjudicate this case or otherwise and request that this case be reassigned to another magistrate judge and when and where appropriate be left open for assessment upon the return of Plaintiff from medical leave and for the United States Department of Justice to look into any areas of Plaintiff's complaint, cause of action/case to ensure the law is upheld and the civil rights of Plaintiff are honored</u>. Once again, as clearly and adequately stated to Chambers, the Clerk of Court, and the Defendant, all parties, Plaintiff will be on a short-term medical leave beginning March 1, 2010 to April 1, 2010.

### Attachment(s): Report & Recommendation

Dated: Feb. 24, 2010

fax cc: Chambers
Office of Minnesota Attorney General Lori Swanson
City Attorney's Office City of Minnetonka
County Attorney's Office Scott County Attorney
United States Department of Justice

Signature of Plaintiff
Vivian Dorothea Grover-Tsimi,
Plaintiff
210 1st Ave. N. W. #302
New Prague, MN 56071

From: Vivian Grover-Tsimi  Fax: 000-000-0000     To: Chambers - The Honor Fax: +1 (651) 848-1212     Page 5 of 10 2/26/2010 10:26

Case 0:09-cv-02852-PJS-AJB   Document 34   Filed 03/01/10   Page 4 of 9

Case 0:09-cv-02852-PJS-AJB   Document 30   Filed 02/24/10   Page 1 of 6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| VIVIAN DOROTHEA GROVER-TSIMI,<br><br>PLAINTIFF,<br><br>v.<br><br>STATE OF MINNESOTA, ET AL.,<br><br>DEFENDANTS. | CIVIL NO. 09-02852 (PJS/AJB)<br><br><br>REPORT & RECOMMENDATION |

### I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, following the Rule 16 pretrial conference, held on February 23, 2010, at 9:35 a.m. in the chambers of this Court, in St. Paul, Minnesota. [Docket No. 28.] There was no appearance by or on behalf of Plaintiff at the conference.

For the reasons set forth below, **IT IS HEREBY RECOMMENDED** that (1) Plaintiff's Complaint [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE**; and (2) Plaintiff be required pay to Defendants reasonable attorneys costs, arising out securing representation at the Rule 16 conference, as a condition precedent to prosecuting another claim against Defendants in the United States District Court for the District of Minnesota arising out the circumstances set forth in her complaint [Docket No. 1].

1

From: Vivian G...er-Tsimi  Fax: 000-000-0000    To: Chambers - The Honor: Fax: +1 (651) 848-1212    Page 6 of 10 2/26/2010 10:26

Case 0:09-cv-02852-PJS-AJB   Document 34   Filed 03/01/10   Page 5 of 9

Case 0:09-cv-02852-PJS-AJB   Document 30   Filed 02/24/10   Page 2 of 6

## II. BACKGROUND

Plaintiff filed her complaint in this matter on October 14, 2009. [Docket No. 1.] On October 23, 2009, this Court granted Plaintiff's application to proceeding without prepayment of fees under 28 U.S.C. § 1915. [Docket No. 23.]

On January 13, 2010, this Court issued an Order of Pretrial Conference. [Docket No. 8]

The Order of Pretrial Conference provided in part:

> Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16 of the Rules of this District, a pretrial conference of trial counsel/pro se plaintiff in the above matter will be held in Chambers 334, 316 North Robert Street, St. Paul, Minnesota, on February 23, 2010, at 9:30 a.m., before Magistrate Judge Arthur J. Boylan to consider the matters set forth in Rule 16(c) and related matters.

[Docket No. 8.]   Filed with Chambers on February 16, 2010   File with Chambers on February 18, 2010

Plaintiff filed her pretrial report on February 17, 2010. [Docket No. 26.] On February 19, 2010, Plaintiff filed a letter to this Court. [Docket No. 27.] Plaintiff's letter is set forth below:

> Plaintiff is unable to attend the court's pretrial conference apparently set for February 23, 2010 due to a matter of indigence; Plaintiff is on a fixed General Assistance budget through the State; a budget that has been reached for the month of February 2010 upon expenses and the necessities of life; Plaintiff is therefore not able to accommodate the cost of travel to the court for such conference.  Plaintiff has evaluated the option of appearing by phone; however, because Plaintiff's sole phone is mobile the allotment of minute's usage for such a conference of this potential magnitude will undoubtedly accrue charges resulting in debt or hardship to Plaintiff. Thusly, a sincere apology to the court and Plaintiff hopes that the court as a whole will always consider the "real-life" circumstances of Plaintiff.  Concurrently, Plaintiff will be on a short-term medical leave beginning March 1, 2010 to April 1, 2010 and therefore Plaintiff will be unable to respond directly to any and all communication from the court or otherwise until after this timeframe; a formal notice of medical leave has been mailed to the Clerk of Court via USPS as of the date of this letter. Plaintiff asks that the court and all parties be considerate to her leave and involuntary circumstances.

2

From: Vivian Glover-Tsimi  Fax: 000-000-0000    To: Chambers - The Honor Fax: +1 (651) 848-1212    Page 7 of 10 2/26/2010 10:26

Case 0:09-cv-02852-PJS-AJB   Document 34   Filed 03/01/10   Page 6 of 9

Case 0:09-cv-02852-PJS-AJB   Document 30   Filed 02/24/10   Page 3 of 6

[Docket No. 27.]

The pretrial scheduling conference was held in this Court's chambers in St. Paul, Minnesota, at 9:30 a.m. on February 23, 2010. [Docket No. 28.] There was no appearance by or on behalf of Plaintiff.

### III.  DISCUSSION

"A district court may *sua sponte* dismiss an action under Rule 41(b) [of the Federal Rules of Civil Procedure] for the plaintiff's deliberate failure to comply with a court order." *Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006). Pro se litigants are "not excused from complying with substantive and procedural law." *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

The court evaluates the facts and circumstances of each case to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). The sanction for failure to comply with court orders must be "proportionate to the litigant's transgression." *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (quotation omitted). Dismissal of an action with prejudice for failure to prosecute is "'a drastic sanction which should be sparingly exercised.'" *Navarro*, 523 F.2d at 217 (quoting *Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95, 97 (8th Cir. 1971)). However, the court will bypass lesser sanctions "in the face of a clear record of delay or contumacious conduct by the plaintiff." *Id.* To warrant dismissal with prejudice, there must exist a serious showing of willful "disobedience or intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). "Intentional delay" requires the plaintiff's actions were not "accidental or involuntary." *Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998).

Plaintiff has brought suit against 11 Defendants, who must bear the cost of defending against Plaintiff's claims. While the courthouse doors are open regardless of a plaintiff's

3

From: Vivian Gruver-Tsimi  Fax: 000-000-0000     To: Chambers - The Honor: Fax: +1 (651) 848-1212     Page 8 of 10 2/26/2010 10:26

Case 0:09-cv-02852-PJS-AJB   Document 34   Filed 03/01/10   Page 7 of 9

Case 0:09-cv-02852-PJS-AJB   Document 30   Filed 02/24/10   Page 4 of 6

economic status, invoking the powers of the federal courts carries implicit costs. A pro se plaintiff must be able to appear—whether by telephone or in person—to prosecute his or her complaint. A pro se plaintiff must be able to respond directly to any and all communication from the Court or defendants. And a pro se plaintiff cannot restrict litigation to only those times when it suits plaintiff's fancy any more than a defendant can decline to participate in litigation because of inconvenience. The courts have many pressing cases and are charged with providing just, speedy, and inexpensive determinations in all of them. Fed. R. Civ. P. 1. The courts cannot fulfill their duties if parties dictate the terms of litigation according to their whims.

This Court fully understands Plaintiff's condition. Recognizing Plaintiff's economic limitations, this Court granted Plaintiff's application to proceeding without prepayment of fees under 28 U.S.C. § 1915. [Docket No. 23.] This Court is also sympathetic to medical emergencies. But these considerations do not excuse Plaintiff's actions.

Plaintiff's failure to appear for the Rule 16 conference was a violation of this Court's Order of Pretrial Conference. Plaintiff's letter to this Court evinces that she understood that she had a duty under this Court's Order to appear at the Rule 16 conference. Plaintiff's assertions about her inability to attend the pretrial conference are suspect given that Plaintiff was aware of the Rule 16 conference since January 13, 2010, and did not contact the Court until only days before the conference. Moreover, Plaintiff's letter does not ask to reschedule the conference to a more convenient date. Plaintiff's letter does not propose an alternative means of appearance. Plaintiff's letter simply informs the Court that she will not be making an appearance. And true to her word, Plaintiff made no appearance. This Court concludes that Plaintiff's letter and actions evince that Plaintiff does not intend to prosecute her complaint or, if she intends to prosecute her

4

From: Vivian Gr...er-Tsimi  Fax: 000-000-0000     To: Chambers - The Honor:  Fax: +1 (651) 848-1212     Page 9 of 10 2/26/2010 10:26

Case 0:09-cv-02852-PJS-AJB   Document 34   Filed 03/01/10   Page 8 of 9

Case 0:09-cv-02852-PJS-AJB   Document 30   Filed 02/24/10   Page 5 of 6

claims, she certainly does not intend to do so with any regard for this Court's orders. Thus, Plaintiff's actions evince a willful abuse of the legal system.

While this Court believes that Plaintiff's actions could warrant dismissal with prejudice, this Court concludes that a more tempered resolution is warranted. This Court recommends that Plaintiff's complaint be dismissed without prejudice. This Court further recommends that the order of dismissal also require Plaintiff to pay to Defendants reasonable attorneys costs,[1] arising out of securing representation at the Rule 16 conference, as a condition precedent to prosecuting another claim against Defendants in the United States District Court for the District of Minnesota arising out the circumstances set forth in her complaint [Docket No. 1].

### IV. RECOMMENDATION

Based upon the record IT IS HEREBY RECOMMENDED that (1) Plaintiff's Complaint [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE**; and (2) Plaintiff be required pay to Defendants reasonable attorneys costs, arising out securing representation at the Rule 16 conference, as a condition precedent to prosecuting another claim against Defendants in the United States District Court for the District of Minnesota arising out the circumstances set forth in her complaint [Docket No. 1].

Dated:_____2/24/10_____

                                                       _____s/ Arthur J. Boylan_____
                                                       Magistrate Judge Arthur J. Boylan
                                                       United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that

---

[1] In conjunction with this Report and Recommendation, this Court has filed an Order directing counsel for Defendants to file affidavits setting forth reasonable attorney costs incurred as a result of their appearances on Defendants' behalves at the Rule 16 pretrial conference.

5

From: Vivian Grover-Tsimi  Fax: 000-000-0000     To: Chambers - The Honor Fax: +1 (651) 848-1212     Page 10 of 10 2/26/2010 10:26

Case 0:09-cv-02852-PJS-AJB   Document 34   Filed 03/01/10   Page 9 of 9

Case 0:09-cv-02852-PJS-AJB   Document 30   Filed 02/24/10   Page 6 of 6

specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before ____March 10, 2010____ .