UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Vivian Dorothea GROVER-TSIMI, | Case No. 09-CV-2852 (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| STATE OF MINNESOTA, collectively; CITY OF MINNETONKA; MICHAEL NELSON, individually and in his professional capacity as a Minnetonka Police Officer; MICHAEL BRUCKNER, individually and in his professional capacity as a Minnetonka Police Officer; COUNTY OF SCOTT; JOHN GROVER, individually and in his professional capacity as a Scott County Sheriff's Deputy; SARAH GORMAN, individually and in her professional capacity as a Scott County Sheriff's Deputy; JOHN HOFFER, individually and in his professional capacity as a Scott County Sheriff's Deputy/Officer; SCOTT ANDERSON, individually and in his professional capacity as a Scott County Sheriff's Deputy; LOUIS STEINHOFF, individually and in his professional capacity as a Scott County Sheriff's Deputy/Officer; KEVIN STUDNICKA, individually and in his professional capacity as a Scott County Sheriff and superior to the Scott County Sheriff's Deputies, | |
| Defendants. | |

---

Plaintiff Vivian Dorothea Grover-Tsimi filed a multi-count complaint stemming from one negative incident with the individually-named Minnetonka law-enforcement defendants and another negative incident with the individually-named Scott County law-enforcement defendants. Docket No. 1. The Court referred all dispositive and non-dispositive motions to Magistrate

Judge Arthur J. Boylan pursuant to 28 U.S.C. §§ 636(b)(1). Docket No. 7. Grover-Tsimi now moves to reassign her case to another magistrate judge.[1]

On January 13, 2010, Judge Boylan issued an order scheduling a pretrial conference in the case for February 23, 2010. Docket No. 8. Per that order, all Rule 26(f) reports were required to be filed by February 16, 2010. Docket No. 8. All defendants timely filed Rule 26(f) reports. Docket Nos. 23-25. Grover-Tsimi's report was filed one day late, on February 17, 2010 (although it was postmarked on February 16). Docket No. 26; *see* Fed. R. Civ. P. 5(d)(2) (a paper is filed when it is "deliver[ed]").

Days before the pretrial conference, Grover-Tsimi filed a notice of non-appearance, informing the Court that, due to her financial situation, she would neither appear personally nor appear telephonically at the pretrial conference. Docket No. 27. In other words, Grover-Tsimi did not ask the Court to excuse her from participating in the pretrial conference; she simply announced that she would not participate. Grover-Tsimi's notice was dated and postmarked February 18, 2010, but it was received by the clerk, and therefore deemed filed, on February 19, 2010 — the Friday before the Tuesday pretrial conference. Her notice did not include a request to reschedule. *Id*.

Also included with the notice of non-appearance was a self-styled "notice of medical leave," in which Grover-Tsimi announced that she would be taking "short-term medical leave" from March 1, 2010, to April 1, 2010, and would therefore be unavailable during that time to participate in any of the six pro se cases that she has pending in this District. *Id*. Again, Grover-

---

[1] Grover-Tsimi has also objected to a report and recommendation issued by Judge Boylan. Docket No. 34. The Court will rule on that objection separately.

Tsimi did not seek the permission of any district judge or magistrate judge to put all of her litigation on hold; she simply announced that she had excused herself from any obligations to the Court or to the other parties for a month.

The February 23 pretrial conference proceeded in Grover-Tsimi's absence. Docket No. 28. Following the conference, Judge Boylan ordered the defendants to submit affidavits "setting forth the reasonable attorney costs associated with" the pretrial conference. Docket No. 29. He also issued a Report and Recommendation ("R&R") that concluded that Grover-Tsimi "does not intend to prosecute her complaint or, if she intends to prosecute her claims, she certainly does not intend to do so with any regard for this Court's orders." Docket No. 30. The R&R recommended that Grover-Tsimi's complaint be dismissed without prejudice, and that she be required to pay defendants' attorney's fees associated with the pretrial conference before she be permitted to re-file. *Id*.

Grover-Tsimi filed an objection to the R&R [Docket No. 34] and separately filed an "ex parte motion for re-assignment (magistrate judge)," seeking to remove Judge Boylan from this case "and all existing cases and future cases for which Plaintiff is the complainant" and to reassign "another magistrate judge or other process" in his stead [Docket No. 35]. In her motion, Grover-Tsimi claims that she sent Judge Boylan's chambers an unanswered e-mail on February 19, 2010, in which she inquired about rescheduling the conference. Mot. Re-Assignment at 1. She does not provide supporting documentation of her claim, but states that she "incorporates the said general email herein by reference." *Id*. As best as the Court can determine, the "said general email" does not appear anywhere in the docket.

The grounds on which Grover-Tsimi premises her request to remove Judge Boylan are not completely clear. She suggests that leaving her case before Judge Boylan would threaten the "integrity" of her rights and of her actions in this District. *Id*. The Court therefore treats Grover-Tsimi's motion as one for recusal on the basis of bias.

In evaluating Grover-Tsimi's motion, the Court must consider whether Judge Boylan's "impartiality might reasonably be questioned by the average person on the street who knows all of the relevant facts of [the] case." *United States v. Aldridge*, 561 F.3d 759, 764 (8th Cir. 2009) (quotations omitted); 28 U.S.C. § 455(a). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003). Unless a judge's bias derives from an extrajudicial source or the record demonstrates "'deep-seated favoritism or antagonism [on the part of the judge] that would make fair judgment impossible,'" disqualification for bias is not appropriate. *Aldridge*, 561 F.3d at 764 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Likewise, absent showing of such deep-seated favoritism or antagonism that a fair decision is impossible, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion," even if those opinions are less than complimentary. *Id*.

Grover-Tsimi has introduced no evidence of extrinsic bias against her. Nor can the Court conclude that Judge Boylan has demonstrated deep-seated favoritism or antagonism in his handling of this case. Judge Boylan previously granted an accommodation for Grover-Tsimi's

financial situation by granting her petition to proceed in forma pauperis. Docket No. 3. He provided ample advance notice of the date of the pretrial conference to plaintiff and to the eleven defendants. Grover-Tsimi filed a letter just two business days before the conference, announcing that, because of her financial situation, she would not even appear by telephone. She gave the Court no opportunity to address the scheduling concerns raised by her notice of non-appearance or her notice of medical leave. Her letter did not propose to reschedule the conference or propose an alternative means of appearance. Grover-Tsimi seems to believe that she can simply dictate to the Court what she will do and when she will do it.

Based on these facts, Judge Boylan's conclusion that Grover-Tsimi does not intend to prosecute her complaint in a manner consistent with the Court's orders is entirely understandable. It certainly cannot be said to demonstrate either favoritism toward the defendants or antagonism toward Grover-Tsimi. Nothing that Judge Boylan has said or done would lead a reasonable observer to question his impartiality.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, plaintiff Vivian Dorothea Grover-Tsimi's motion for re-assignment [Docket No. 35] is DENIED.

Dated: March 3 , 2010            s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge