UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

VIVIAN DOROTHEA GROVER-TSIMI,

        Plaintiff,

v.

STATE OF MINNESOTA, collectively;
CITY OF MINNETONKA; MICHAEL
NELSON, individually and in his professional
capacity as a Minnetonka Police Officer;
MICHAEL BRUCKNER, individually and in
his professional capacity as a Minnetonka
Police Officer; COUNTY OF SCOTT; JOHN
GROVER, individually and in his
professional capacity as a Scott County
Sheriff's Deputy; SARAH GORMAN,
individually and in her professional capacity
as a Scott Country Sheriff's Deputy; JOHN
HOFFER, individually and in his professional
capacity as a Scott County Sheriff's
Deputy/Officer; SCOTT ANDERSON,
individually and in his professional capacity
as a Scott County Sheriff's Deputy; LOUIS
STEINHOFF, individually and in his
professional capacity as a Scott County
Sheriff's Deputy/Officer; KEVIN
STUDNICKA, individually and in his
professional capacity as a Scott County
Sheriff and superior to the Scott County
Sheriff's Deputies,

        Defendants.

Case No. 09-CV-2852 (PJS/AJB)

ORDER

---

Vivian Dorothea Grover-Tsimi, pro se.

Anna E. Jenks, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendant State
of Minnesota.

Stephanie A. Angolkar and Jon K. Iverson, IVERSON REUVERS, LLC, for defendants
City of Minnetonka, Michael Nelson, and Michael Bruckner.

Roger L. Rowlette, JOHNSON & LINDBERG, PA, for defendants Scott County, John Grover, Sarah Gorman, John Hoffer, Scott Anderson, Louis Steinhoff, and Kevin Studnicka.

This matter is before the Court on the objection of plaintiff Vivian Dorothea Grover-Tsimi to the February 24, 2010 Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan.  In that R&R, Judge Boylan recommends that, as a sanction for Grover-Tsimi's failure to appear at a pretrial conference, this action be dismissed without prejudice and Grover-Tsimi be barred from re-filing this action until she has reimbursed defendants for the attorney's fees that they incurred in connection with the abortive pretrial conference.

The Court has reviewed de novo those portions of the R&R to which Grover-Tsimi objects, as required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  For the reasons described below, the Court reluctantly sustains Grover-Tsimi's objection and declines to adopt the R&R. At the same time, the Court warns Grover-Tsimi that if she again misses a deadline without the prior permission of the Court, fails to appear at a deposition or hearing without the prior permission of the Court, violates any order of the Court, or violates any rule — including any of the Federal Rules of Civil Procedure or the Local Rules of this District — her lawsuit may be dismissed *with* prejudice.

## I.  BACKGROUND

Grover-Tsimi is one of this District's most prolific pro se litigants.  In just the past six months, she has filed seven lawsuits:  *Grover-Tsimi v. Park Dental Group, et al.*, Case No. 09-CV-2633 (DWF/JJG) (filed September 28, 2009); *Grover-Tsimi v. American Laser Centers, LLC, et al.*, Case No. 09-CV-2729 (DSD/JJK) (filed October 2, 2009); *Grover-Tsimi v. State of*

*Minnesota, et al.*, Case No. 09-CV-2852 (PJS/AJB) (filed October 14, 2009); *Grover-Tsimi v.*

*Millpond Partners, et al.*, Case No. 09-CV-3544 (JRT/SRN) (filed December 14, 2009); *Grover-*

*Tsimi v. Manrique, et al.*, Case No. 09-CV-3719 (ADM/AJB) (filed December 29, 2009);

*Grover-Tsimi v. Sprint Nextel Corp.*, Case No. 10-CV-0379 (PJS/AJB) (filed February 12, 2010);

and *Grover-Tsimi v. United States, et al.*, Case No. 10-CV-0588 (JMR/AJB) (filed March 2,

2010).

In this particular action, Grover-Tsimi filed a multi-count complaint stemming from an

October 2003 altercation involving defendants Michael Nelson and Michael Bruckner and a

February 2008 altercation involving the other individually-named defendants.  Docket No. 1.

The Court referred all dispositive and non-dispositive motions to Judge Boylan pursuant to 28

U.S.C. § 636(b)(1).  Docket No. 7.

On January 13, 2010, Judge Boylan issued an order scheduling a pretrial conference for

February 23, 2010.  Docket No. 8.  Per that order, all Rule 26(f) reports were required to be filed

by February 16, 2010.  Docket No. 8.  All defendants timely filed Rule 26(f) reports.  Docket

Nos. 23-25.  Grover-Tsimi's report was filed one day late, on February 17, 2010.  Docket No. 26;

*see* Fed. R. Civ. P. 5(d)(2) (a paper is filed when it is "deliver[ed]").

Days before the pretrial conference, Grover-Tsimi filed a self-styled "Notice of Non-

Appearance," informing the Court that, due to her financial situation, she would not appear

(either in person or by telephone) at the pretrial conference.  Docket No. 27.  In other words,

Grover-Tsimi did not ask the Court to excuse her from participating in the pretrial conference;

she simply announced that she would not participate.  Grover-Tsimi's notice was dated and

postmarked February 18, 2010, but it was received by the clerk, and therefore deemed filed, on

February 19, 2010 — the Friday before the Tuesday pretrial conference.  Her notice did not include a request to reschedule nor give any indication that her financial situation was likely to change in the foreseeable future.  *Id*.

Also included with the "Notice of Non-Appearance" was a self-styled "Notice of Medical Leave," in which Grover-Tsimi announced that she would be taking "short-term medical leave" from March 1, 2010, to April 1, 2010, and would be unavailable during that time to participate in any of the many lawsuits that she had filed in this District.  *Id*.  (The Court notes that neither Grover-Tsimi's indigence nor her medical condition prevented her from filing a new lawsuit on March 2, 2010 or filing a motion for a default judgment in this action on the same date).  Again, Grover-Tsimi did not seek the permission of any district judge or magistrate judge to put all of her litigation on hold; she simply announced that she had excused herself from any obligations to the Court or the other parties.

The February 23 pretrial conference proceeded in Grover-Tsimi's absence.  Docket No. 28.  Following the conference, Judge Boylan ordered defendants to submit affidavits "setting forth the reasonable attorney costs associated with" the pretrial conference.  Docket No. 29.  He also issued an R&R that concluded that Grover-Tsimi "does not intend to prosecute her complaint or, if she intends to prosecute her claims, she certainly does not intend to do so with any regard for this Court's orders."  Docket No. 30.  The R&R recommended that Grover-Tsimi's complaint be dismissed without prejudice, and that she be required to pay the attorney's fees incurred by defendants in connection with the pretrial conference before she be permitted to re-file this action.  *Id*.

On March 1, 2010, Grover-Tsimi filed an objection to the R&R [Docket No. 34] and separately filed an "Ex Parte Motion for Re-Assignment (Magistrate Judge)," seeking to remove Judge Boylan from this case "and all existing cases and future cases for which Plaintiff is the complainant" and to reassign "another magistrate judge or other process" in his stead [Docket No. 35]. The Court promptly denied Grover-Tsimi's motion to disqualify Judge Boylan. Docket No. 37.

On March 8, 2010, Grover-Tsimi filed a second objection to the R&R. Docket No. 38. Grover-Tsimi had faxed her first objection directly to Judge Boylan's chambers on February 26, 2010, and apparently mailed a copy of that objection to the Clerk of Court on February 27, 2010. In filing her second objection, Grover-Tsimi explained that, through no fault of her own, the mailed copy of her first objection had been returned for insufficient postage. Second Obj. at 1. Because Grover-Tsimi's second objection adds nothing of substance to her first objection, the Court will cite only the first objection in this Order.

## II.  ANALYSIS

Grover-Tsimi complains generally that the R&R is "abusive, threatening, unsubstantiated and a bit bizarre." Obj. at 1. More specifically, she makes the following objections: (1) she provided advance notice of her non-appearance at the pretrial conference and had legitimate reasons for that non-appearance; (2) defendants are in default and have engaged in some sort of fraud involving service of process, and it is therefore inequitable to penalize plaintiff and not defendants; (3) she did not consent in writing to having her case heard by a magistrate judge; (4) she should not be required to pay "unnecessary" attorney's fees; and (5) she did not intend to

flout the Court's order, as evidenced by the fact that she has made filings in this case and provided advance notice of her non-appearance. *Id*. at 1-3.

Some of these grounds are irrelevant to the Court's review of the R&R. For example, it makes no difference that Grover-Tsimi has not consented to Judge Boylan presiding over the pretrial proceedings in her case. Judge Boylan does not need her consent. "[T]he magistrate judge's jurisdiction over any pretrial nondispositive matters, including magistrate-recommended dispositions, is not contingent on litigant consent." *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003) (emphasis omitted); 28 U.S.C. § 636(b)(1). The Court properly referred this case to Judge Boylan pursuant to § 636(b)(1), and he has properly issued a non-binding recommendation as to its disposition. His recommendation is now subject to de novo review.

The Court faces a dilemma. On the one hand, Grover-Tsimi appears to believe that she can pick and choose which court orders to obey and which court-ordered hearings to attend. She even seems to believe that she can declare a "time out" from litigation without the permission of the Court. Grover-Tsimi needs to learn that the Court, and not she, controls this litigation. Moreover, the Court wants to be supportive of Judge Boylan as he tries to manage multiple lawsuits brought by this contumacious plaintiff. (Judge Boylan has been assigned to four of Grover-Tsimi's seven recent lawsuits.)

On the other hand, the Court recognizes that the sanction recommended by Judge Boylan is harsh. Grover-Tsimi has been given permission to proceed *in forma pauperis* in this action based on an affidavit that declares that she has only nominal assets and income of only $203 per month. Judge Boylan has recommended that Grover-Tsimi's lawsuit be dismissed without

prejudice and that she be barred from refiling that lawsuit until she pays over $1700 to

defendants.  It appears highly unlikely that Grover-Tsimi will be able to come up with $1700 in

the foreseeable future.  Moreover, even if Grover-Tsimi were able to come up with the $1700

and re-file her lawsuit, it appears that her claims against the Minnetonka defendants would be

time-barred.  As a practical matter, then, the sanction recommended by Judge Boylan is the

equivalent of a dismissal *with* prejudice.

The Court may, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss

an action with prejudice (and sua sponte) if the plaintiff deliberately fails to comply with a court

order.  *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986).  "Pro se litigants are not excused from

compliance with substantive and procedural law."  *Id.* at 804.  In dismissing an action, the Court

need not find that the plaintiff acted in bad faith.  *Hutchins v. A.G. Edwards & Sons, Inc.*, 116

F.3d 1256, 1260 (8th Cir. 1997).  At the same time, the Eighth Circuit has warned that the

sanction of dismissal with prejudice "should be used only in cases of willful disobedience of a

court order or persistent failure to prosecute a complaint.  A district court should weigh the

court's need to advance its heavy docket against the consequence of irreversibly extinguishing

the litigant's claim and consider whether any less-severe sanction could adequately remedy the

effect of the delay on the court and the prejudice to the opposing party."  *Mann v. Lewis*, 108

F.3d 145, 147 (8th Cir. 1997) (internal quotations omitted).

At this point, Grover-Tsimi has missed only one deadline (she filed her Rule 26(f) report

a day late) and failed to appear at only one hearing (the pretrial conference).  The Court does not

in any way excuse Grover-Tsimi's conduct.  Moreover, the Court is extremely concerned about

Grover-Tsimi's apparent belief that she can simply announce whether and when she will obey

Court orders.  Under the circumstances, though, the Court is reluctant to impose such a harsh sanction — a de facto dismissal with prejudice — especially when Grover-Tsimi has not previously been warned that her misbehavior could lead to such consequences.  *See Penton v. Green*, 177 Fed. Appx. 526, 527-28 (8th Cir. 2006); *Jackson v. Schoemehl*, 788 F.2d 1296, 1299 (8th Cir. 1986).

For these reasons, the Court will sustain Grover-Tsimi's objection and decline to adopt the R&R.  But the Court warns Grover-Tsimi that if she again misses a deadline without the prior permission of the Court, fails to appear at a deposition or hearing without the prior permission of the Court, violates any order of the Court, or violates any rule — including any of the Federal Rules of Civil Procedure or the Local Rules of this District — her lawsuit may be dismissed *with* prejudice.  Grover-Tsimi should be scrupulous in meeting deadlines, in obeying the rules, and in obeying Court orders.  If, for example, Grover-Tsimi wishes to extend a deadline or reschedule a hearing, then she should seek permission from the Court well in advance of that deadline or hearing — and, if her request is denied, she should meet the deadline or attend the hearing.  Or if, for example, Grover-Tsimi believes that a Court order is contrary to law or imposes a hardship on her, then she should ask the Court to modify that order — and, if her request is denied, obey the order unless and until it is vacated on review or appeal.  Grover-Tsimi has been warned.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court SUSTAINS plaintiff's objection [Docket Nos. 34 and 38] and DECLINES TO ADOPT the R&R.

Dated: March 25, 2010                                    s/Patrick J. Schiltz
                                                              Patrick J. Schiltz
                                                              United States District Judge