# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| VIVIAN DOROTHEA GROVER-TSIMI,<br><br>PLAINTIFF,<br><br>V.<br><br>STATE OF MINNESOTA, ET AL.,<br><br>DEFENDANTS. | CIVIL NO. 09-2852 (PJS/AJB)<br><br>**REPORT & RECOMMENDATION** |

## I. INTRODUCTION

This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, following the Rule 16 pretrial conference, held on November 19, 2010, at 10:30 a.m. in Courtroom 3C in St. Paul, Minnesota. [Docket No. 80.] There was no appearance by or on behalf of Plaintiff. Roger L. Rowlette appeared on behalf of Defendants Scott Anderson, Sarah Gorman, John Grover, John Hoffer, Louis Steinhoff, Kevin Studnicka, and Scott County.

For the reasons set forth below, **IT IS HEREBY RECOMMENDED** that (1) Plaintiff's Complaint [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE;** and (2) Plaintiff be required to pay to Defendants Scott Anderson, Sarah Gorman, John Grover, John Hoffer, Louis Steinhoff, Kevin Studnicka, and Scott County reasonable attorney fees and costs incurred as a result of securing representation at the Rule 16 conferences, held on February 23, 2010, [Docket No. 28] and November 19, 2010, [Docket No. 80], as a condition precedent to prosecuting another claim against Defendants Scott Anderson, Sarah Gorman, John Grover, John Hoffer,

Louis Steinhoff, Kevin Studnicka, and Scott County, in the United States District Court for the District of Minnesota, arising out of the circumstances set forth in her Complaint [Docket No. 1].

## II. BACKGROUND

Plaintiff filed her complaint in this matter on October 14, 2009. [Docket No. 1.] On October 23, 2009, this Court granted Plaintiff's application to proceeding without prepayment of fees under 28 U.S.C. § 1915. [Docket No. 23.]

On January 13, 2010, this Court issued an Order of Pretrial Conference, noticing the parties that a pretrial conference would be held on February 23, 2010, at 9:30 a.m. in this Court's St. Paul chambers, and directing the parties to send a letter concerning settlement and a Rule 26(f) report to chambers. [Docket No. 8] Plaintiff filed a Rule 26(f) report [Docket No. 26] and provided this Court with a letter, entitled "Notice of Non-Appearance [at the] Pretrial Conference." [Docket No. 27.] In the letter, Plaintiff stated that she cannot afford to travel to the courthouse to appear in person and that she did not want to use her telephone minutes to appear by telephone. Plaintiff also stated that she would be taking "a short-term medical leave" from her litigation for approximately one month and would not be communicating with the Court during that time. Consistent with her letter, Plaintiff did not appear on February 23, 2010, at 9:30 a.m. for a pretrial conference.

Thereafter, this Court issued a Report and Recommendation, in which this Court stated:

> Plaintiff's failure to appear for the Rule 16 conference was a violation of this Court's Order of Pretrial Conference. Plaintiff's letter to this Court evinces that she understood that she had a duty under this Court's Order to appear at the Rule 16 conference. Plaintiff's assertions about her inability to attend the pretrial conference are suspect given that Plaintiff was aware of the Rule 16 conference since January 13, 2010, and did not contact the Court until only days before the conference. Moreover, Plaintiff's letter does not ask to reschedule the conference to a more convenient date. Plaintiff's letter does not propose an alternative

> means of appearance. Plaintiff's letter simply informs the Court that she will not be making an appearance. And true to her word, Plaintiff made no appearance. This Court concludes that Plaintiff's letter and actions evince that Plaintiff does not intend to prosecute her complaint or, if she intends to prosecute her claims, she certainly does not intend to do so with any regard for this Court's orders. Thus, Plaintiff's actions evince a willful abuse of the legal system.

[Docket No. 30.] This Court recommended that Plaintiff's complaint be dismissed without prejudice and that the order of dismissal require Plaintiff to pay to Defendants reasonable attorney fees and costs, arising out of securing representation for the Rule 16 conference, as a condition precedent to prosecuting another claim arising out the circumstances set forth in her Complaint against Defendants.

Plaintiff objected this Court's Report and Recommendation. [Docket No. 34, 38.] United States District Court Judge Patrick J. Schiltz sustained Plaintiff's objections and declined to adopt the Report and Recommendation. [Docket No. 42.] Nevertheless, Judge Schiltz also warned

> Grover-Tsimi that if she again misses a deadline without the prior permission of the Court, fails to appear at a deposition or hearing without the prior permission of the Court, violates any order of the Court, or violates any rule — including any of the Federal Rules of Civil Procedure or the Local Rules of this District — her lawsuit may be dismissed *with* prejudice. Grover-Tsimi should be scrupulous in meeting deadlines, in obeying the rules, and in obeying Court orders. If, for example, Grover-Tsimi wishes to extend a deadline or reschedule a hearing, then she should seek permission from the Court well in advance of that deadline or hearing — and, if her request is denied, she should meet the deadline or attend the hearing. Or if, for example, Grover-Tsimi believes that a Court order is contrary to law or imposes a hardship on her, then she should ask the Court to modify that order — and, if her request is denied, obey the order unless and until it is vacated on review or appeal. Grover-Tsimi has been warned.

In late March 2010, Plaintiff filed a motion, requesting a continuance so that Plaintiff could seek legal representation. [Docket No. 45.] This Court granted Plaintiff's motion, and ordered the case stayed for 60 days. [Docket No. 48.]

In July 2008, Judge Schiltz issued an order, adopting this Court's Report and Recommendation and granting certain Defendant's motions to dismiss. [Docket No. 60.] Thereafter, on October 18, 2010, this Court issued a second Order of Pretrial Conference directed to Plaintiff and the remaining Defendants, in which this Court ordered as follows:

> I. <u>DATE, TIME, PLACE AND PARTICIPANTS</u>
>
> Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16 of the Rules of this District, a pretrial conference of trial counsel/pro se plaintiff in the above matter will be held in Chambers 334, 316 North Robert Street, St. Paul, Minnesota, on November 19, 2010, at 10:30 a.m., before Magistrate Judge Arthur J. Boylan to consider the matters set forth in Rule 16(c) and related matters. **Each party shall submit a Letter concerning settlement, which shall remain confidential between the Court and that party at least three days prior to the pretrial conference**. . . .
>
> II. <u>MEETING, REPORTS AND DISCLOSURES REQUIRED</u>
>
> . . .
>
> B. No later than November 12, 2010, each party shall prepare and file with the Clerk of Court a report. **A copy of the report shall also be mailed to chambers of this Court, Chambers 334, 316 North Robert Street, St. Paul, Minnesota, 55101**, on or before November 12, 2010.

[Docket No. 77.] The Clerk of Court mailed the second Order of Pretrial Conference to Plaintiff on October 18, 2010.

On November 12, 2010, Defendants Scott Anderson, Sarah Gorman, John Grover, John Hoffer, Louis Steinhoff, Kevin Studnicka, and Scott County filed their Rule 26(f) Report. [Docket No. 79.] On November 19, 2010, this Court held the scheduled pretrial conference.

4

[Docket No. 80.] At 10:30 a.m. this Court's law clerk checked the courtroom and the hallways on the third floor of the St. Paul courthouse, but was unable to locate Plaintiff. This Court took the bench at 10:40 a.m. and held a hearing until 10:55 a.m. There was no appearance by or on behalf of Plaintiff on November 19, 2010. Plaintiff did not contact this Court prior to the November 19, 2010 pretrial conference in order to reschedule the proceedings and has not contacted this Court following the November 19, 2010 pretrial conference in order to explain her absence.

### III. DISCUSSION

"A district court may *sua sponte* dismiss an action under Rule 41(b) [of the Federal Rules of Civil Procedure] for the plaintiff's deliberate failure to comply with a court order." *Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006). Pro se litigants are "not excused from complying with substantive and procedural law." *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

The court evaluates the facts and circumstances of each case to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). The sanction for failure to comply with court orders must be "proportionate to the litigant's transgression." *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (quotation omitted). Dismissal of an action with prejudice for failure to prosecute is "'a drastic sanction which should be sparingly exercised.'" *Navarro*, 523 F.2d at 217 (quoting *Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95, 97 (8th Cir. 1971)). However, the court will bypass lesser sanctions "in the face of a clear record of delay or contumacious conduct by the plaintiff." *Id*. To warrant dismissal with prejudice, there must exist a serious showing of willful "disobedience or intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). "Intentional

delay" requires the plaintiff's actions were not "accidental or involuntary." *Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998).

Plaintiff's failure to appear for her second Rule 16 conference and failure to provide this Court with a Rule 26(f) report and a settlement letter were violations of this Court's second Order of Pretrial Conference and violations of the Court's March 25, 2010 Order. This Court has endeavored to be accommodating to Plaintiff, by providing her with the opportunity to appear by telephone and granting her motion to stay. Despite these accommodations, a review of the history of this case evinces that Plaintiff's recent inactivity is part of a troubling pattern of Plaintiff willfully failing to prosecute her claim, willfully disregarding court orders, and willfully prejudicing Defendants. A pro se plaintiff must be able to appear—whether by telephone or in person—to prosecute his or her complaint. A pro se plaintiff must be able to respond to all communications from the court. A pro se plaintiff must comply with court orders. This Court has many cases before it and is charged with providing just, speedy, and inexpensive determinations in each of them. Fed. R. Civ. P. 1. This Court cannot fulfill its duties if plaintiffs willfully refuse to participate in this litigation and willfully fail to abide by court orders.

Therefore, this Court recommends that Plaintiff's Complaint be dismissed without prejudice.[1] This Court further recommends that the order of dismissal require that Plaintiff pay to Defendants Scott Anderson, Sarah Gorman, John Grover, John Hoffer, Louis Steinhoff, Kevin Studnicka, and Scott County reasonable attorney fees and costs incurred as a result of securing representation at the Rule 16 conferences, held on February 23, 2010, [Docket No. 28] and November 19, 2010, [Docket No. 80], as a condition precedent to prosecuting another claim against Defendants Scott Anderson, Sarah Gorman, John Grover, John Hoffer, Louis Steinhoff,

---

[1] This Court recognizes that this recommended order amounts to "a de facto dismissal with prejudice" given Plaintiff's financial circumstances. (*See* Order 6-8, Mar. 25, 2010.)

Kevin Studnicka, and Scott County, in the United States District Court for the District of Minnesota, arising out of the circumstances set forth in her Complaint [Docket No. 1].[2]

## IV. RECOMMENDATION

Based upon the record **IT IS HEREBY RECOMMENDED** that (1) Plaintiff's Complaint [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE;** and (2) Plaintiff be required to pay to Defendants Scott Anderson, Sarah Gorman, John Grover, John Hoffer, Louis Steinhoff, Kevin Studnicka, and Scott County reasonable attorney fees and costs incurred as a result of securing representation at the Rule 16 conferences, held on February 23, 2010, [Docket No. 28] and November 19, 2010, [Docket No. 80], as a condition precedent to prosecuting another claim against Defendants Scott Anderson, Sarah Gorman, John Grover, John Hoffer, Louis Steinhoff, Kevin Studnicka, and Scott County, in the United States District Court for the District of Minnesota, arising out of the circumstances set forth in her Complaint [Docket No. 1].

Dated: 11/24/10

s/ Arthur J. Boylan
Chief Magistrate Judge Arthur J. Boylan
United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 9, 2010.

---

[2] In conjunction with this Report and Recommendation, this Court has issued an Order directing counsel for Defendants to file an affidavit setting forth reasonable attorney fees and costs incurred as a result of his appearance on Defendants' behalves at the Rule 16 pretrial conference.